# EXHIBIT
# B

**Morgan & Morgan Philadelphia, PLLC**
2005 Market St., Ste. 350
Philadelphia, PA 19103
Ph: (215) 446-0076
Fax: (215) 861-0535
www.forthepeople.com

BY: LAURA A. FOX, ESQUIRE
I.D. No.: 319966
LFox@forthepeople.com
Attorney for Plaintiff
Simone Ali-Amid on behalf of I.A.,
a minor

SIMONE ALI-AMID on behalf of I.A., a minor
1418 Belgravia Drive
Tobyhanna, PA 18466
                    Plaintiff,

        vs.

STEPHANIE COELHO
294 Coach Road
Tobyhanna, PA 18466
        and
FIRST STUDENT, INC.
191 Rosa Parks Street, 8th Floor
Cincinnati, OH 45202
        and
JOHN DOE 1-2
                    Defendants.

Court of Common Pleas
Philadelphia County

Civil Action – Law

Jury Trial Demanded

No. 240702136

## <u>AMENDED COMPLAINT IN CIVIL ACTION</u>

1) Plaintiff, Simone Ali-Amid, (hereinafter referred to as "Plaintiff) is an adult individual and the mother and natural guardian of I.A., a minor (hereinafter referred to as "I.A."), both of whom reside at 1418 Belgravia Drive, Tobyhanna, PA 18466.

2) At all relevant times hereto, I.A. was thirteen (13) years old and was presumed incapable of negligence.

3) Defendant, Stephanie Coelho, (hereinafter referred to as "Defendant Coelho") is an adult individual who resides at 294 Coach Road, Tobyhanna, PA 18466.

4) Defendant, First Student, Inc., (hereinafter referred to as "Defendant First Student, Inc.") is an Ohio corporation with its headquarters at 191 Rosa Parks Street, 8th Floor, Cincinnati, OH 45202.

5) At all times relevant hereto, Defendant First Student, Inc. regularly and systematically conducted and continues to conduct business in the County of Philadelphia, of which it derives significant income.

6) At all relevant times hereto, Defendant First Student, Inc. was an agent, servant, workman, and/or employee of Pocono Mountain School District West Junior High School (hereinafter referred to as "Pocono Mountain West Junior High School") and was acting in the course and scope of its employment and/or agency.

7) Defendant, John Doe 1, (hereinafter referred to as "Defendant John Doe 1") is an adult individual whose identity and residential address are currently unknown to Plaintiff.

8) At all relevant times hereto, Defendant John Doe 1 was the agent, servant, workman, and/or employee of Defendant First Student, Inc., and was acting in the course and scope of his employment.

9) Defendant, John Doe 2, (hereinafter referred to as "Defendant John Doe 2") is an adult individual whose identity and residency are currently unknown to Plaintiff.

10) At all relevant times hereto, Defendant John Doe 2 was the agent, servant, workman, and/or employee of Defendant First Student, Inc., and was acting in the course and scope of his employment.

11) At all relevant times hereto, I.A. was a special needs student attending Pocono Mountain West Junior High School, with an Independent Education Plan (hereinafter referred to as an "I.E.P.") created and provided to her by her school district, Pocono Mountain School District.

Case ID: 240702136

12) At all relevant times hereto, I.A.'s I.E.P. provided I.A. with specialized transportation two (2) times per day (i.e., to and from school), five (5) days per week, on a Special Needs School Bus (hereinafter referred to as "The Special Needs School Bus") owned by Defendant First Student, Inc. and operated by Defendant John Doe 1.

13) At all relevant times hereto, I.A.'s I.E.P. provided that The Special Needs School Bus was to pick up and drop off I.A. directly outside her home located at 1418 Belgravia Drive, Tobyhanna, PA 18466.

14) On December 16, 2022, after I.A.'s school day was complete, I.A. left school to go home via The Special Needs School Bus owned by Defendant First Student, Inc. and operated by Defendant John Doe 1, who was tasked with transporting and dropping off I.A. directly outside of her home.

15) At all relevant times hereto, I.A. mistakenly boarded a school bus for the neurotypical students of Pocono Mountain District (hereinafter referred to as "The Neurotypical School Bus"), which was owned by Defendant First Student, Inc. and operated by Defendant John Doe 2.

16) At all relevant times hereto, Defendant John Doe 1 negligently, carelessly, and/or recklessly failed to inquire as to the whereabouts of I.A. when I.A. failed to board The Special Needs School Bus to go home, despite the following to be true:

   a)  Defendant John Doe 1 transported I.A. to school earlier that day;

   b)  Defendant John Doe 1 transported I.A. to and from school most if not all other school days

   c)  Defendant John Doe 1 knew or should have known I.A. has special needs.

   d)  Noone informed Defendant John Doe 1 that I.A. was not to be expected on the bus ride home.

17) At all relevant times hereto, Defendant John Doe 2 negligently, carelessly, and/or recklessly failed to do the following:

a) Refer to Defendant John Doe 2's list of students he was charged to transport to verify whether I.A. was on the correct bus;

b) Inquire as to the identity of I.A.;

c) Inquire whether I.A. was on the appropriate school bus;

d) Notify I.A. that she was on the wrong school bus;

e) Notify the appropriate authorities that I.A. was on the wrong school bus; and

f) Notify I.A.'s parents that she was on the wrong school bus.

18) At all relevant times hereto, Defendant John Doe 2 failed to do the aforementioned actions listed in paragraph 17 despite the following to be true:

a) Defendant John Doe 2 knew or should have known all the students assigned to The Neurotypical Bus he was operating;

b) Defendant John Doe 2 did not know who I.A. was when she boarded The Neurotypical School Bus;

c) Defendant John Doe 2 knew or should have known that special needs children were on the premises;

d) Defendant John Doe 2 knew or should have known that special needs children utilized Defendant First Student, Inc.'s transportation services; and

e) Defendant John Doe 2 knew or should have known that I.A. had special needs and/or could have special needs.

19) At all relevant times hereto, in violation of I.A.'s I.E.P., Defendant John Doe 2 transported I.A. to a bus stop located at the intersection of Rob Roy Drive and Kings Way, Coolbaugh

Case ID: 240702136

Township, PA (hereinafter referred to as "The Neurotypical Bus Stop"), which was approximately 0.6 miles from I.A.'s home.

20) At the aforementioned time and place, at approximately 5:27 p.m., Defendant John Doe 2 was negligent, careless, and/or reckless when he permitted I.A. to egress The Neurotypical School Bus at The Neurotypical Bus Stop.

21) Defendant John Doe was negligent, careless, and/or reckless when he permitted I.A. to egress The Neurotypical School Bus at The Neurotypical Bus Stop because he did so prior doing the following, which include but are not limited to:

a) Refer to Defendant John Doe 2's list of students he was charged to transport to verify whether I.A. was on the correct bus;

b) Inquire as to the identity of I.A.;

c) Inquire whether I.A. was on the appropriate school bus;

d) Notify I.A. that I.A. was on the wrong school bus;

e) Notify appropriate authorities that I.A. was on the wrong school bus; and

f) Notify I.A.'s parents that she was on the wrong school bus.

22) At the aforementioned time and place, Defendant John Doe was negligent, careless, and/or reckless when he permitted I.A. to egress The Neurotypical School Bus at The Neurotypical Bus Stop because he did so under the following dangerous circumstances, which include but are not limited to:

a) The dangerous lighting conditions, which consisted of complete darkness with a total absence of any artificial and/or natural illumination;

b) The complete and total absence of sidewalks;

c) The complete and total absence of crosswalks;

Case ID: 240702136

d)  The complete and total absence of traffic lights;

e)  The complete and total absence of pedestrian lights;

f)  The outdoor temperatures were cold to freezing at or around 34ºF; and

g)  The dangerous weather conditions, which consisted of rain and/or sleet and/or snow.

h)  I.A.'s special needs render I.A. more vulnerable than a standard neurotypical child her same age.

i)  I.A.'s I.E.P. designates I.A.'s pick-up and drop-off location as her home residence;

j)  Defendant John Doe 2 did not know I.A.'s identity;

k)  Defendant John Doe 2 did not know and/or should have known I.A. was on the incorrect school bus;

l)  The absence of I.A.'s parents', guardians', and/or caretakers' presence at The Neurotypical Bus Stop;

23) At the aforementioned time and place, I.A. began to walk home by herself under the aforementioned dangerous circumstances.

24) At the aforementioned time and place, Defendant Coelho was the owner and operator of a white 2020 Subaru-Ascent SUV and was traveling westbound on Kings Way at the intersection of Kings Way and Campbells Way, Coolbaugh Township, PA.

25) At the aforementioned time and place, plaintiff was walking on foot eastbound on Kings Way at the intersection of Kings Way and Campbell Way, Coolbaugh Township, PA.

26) At the aforementioned time and place, I.A. crossed Kings Way from the right to the left side of the street.

27) At the aforementioned time and place, defendant Coelho was driving too fast for conditions and suddenly and without warning negligently, carelessly, and/or recklessly impacted I.A. just moments prior to I.A. reaching the other side of the street.

28) As a result of the collision caused by Defendants, I.A. suffered serious personal injuries and damages as described herein.

**COUNT I - NEGLIGENCE**

**SIMONE ALI-AMID on behalf of I.A., a minor V. STEPHANIE COELHO**

29) Plaintiff incorporates by reference all of the preceding paragraphs as though fully set forth at length herein.

30) The losses, injuries, and damages sustained by Plaintiff, as set forth herein, resulted directly and proximately from the negligence and carelessness of Defendant Stephanie Coelho, which includes but is not limited to the following:

a) Driving too fast for the weather and/or road conditions;

b) Failing to exercise reasonable care and ordinary prudence by observing, inspecting, viewing, and paying attention to the roadway and other motorists;

c) Failing to take proper action to avoid a collision with Plaintiff;

d) Failing to use due care for the safety of Plaintiff under the circumstances;

e) Failing to maintain control over her vehicle;

f) Failing to maintain an assured clear distance;

g) Travelling at an excessive rate of speed under the circumstances;

h) Driving while inattentive and/or distracted;

i) Acting with conscious disregard for the rights and safety of Plaintiff;

j) Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff's vehicle;

k) Failing to timely and properly apply her brakes;

l) Failing to properly and adequately operate said motor vehicle in accordance with traffic laws and/or regulations and ordinances of the Commonwealth of Pennsylvania relating to the operation of motor vehicles including, inter alia: 75 Pa.C.S.A. § 3112 (Traffic control signals); 75 Pa. C.S.A. § 3361 (Driving vehicle at safe speed); 75 Pa.C.S.A.§3310 (a) (Following too closely; General rule); 75 Pa.C.S.A. § 3714 (careless driving).

31) Defendant Coelho's actions described herein constitute a breach of duty and care and were the direct and proximate result of Plaintiff's damages.

32) As a direct and proximate result of Defendant Coelho's negligence and carelessness, Plaintiff suffered serious personal injuries, including, but not limited to, a fracture of her right tibia, all of which are or may be permanent in nature.

33) As a result of the aforesaid injuries, Plaintiff has required and continues to require treatment for the aforesaid injuries.

34) As a result of the aforesaid injuries, Plaintiff has been caused to suffer a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

35) As a result of the aforesaid injuries, Plaintiff sustained embarrassment and humiliation, and may continue to suffer the same for an indefinite period of time into the future.

36) As a result of the aforesaid injuries, Plaintiff has sustained physical and mental pain and suffering and may continue to suffer the safe for an indefinite period of time into the future.

37) As a result of the aforesaid injuries, Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

**WHEREFORE,** Plaintiff, Simone Ali-Amid, on behalf of I.A., a minor, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants in an amount in excess of $50,000.00, plus delay damages, costs, punitive damages, and any other relief that this Honorable Court shall deem appropriate.

## COUNT II - NEGLIGENCE

### SIMONE ALI-AMID ON BEHALF OF I.A., a minor V. FIRST STUDENT, INC.

38) Plaintiff incorporates by reference the preceding paragraphs as though same was set forth fully at length herein.

39) Defendant First Student, Inc., had a duty to take reasonable care to prevent the unsafe operation of their owned school buses and/or operation by people likely to drive and/or operate the school buses in an unreasonably dangerous manner. Unsafe "operation" and/or "driving" of the school buses include the carelessness, negligence, and recklessness of Defendant First Student, Inc. when it acted as aforesaid and consisted inter alia of the following:

a) Failing to inquire the whereabouts of special needs students such as I.A. who they knew or should have known should be on The Special Needs School Bus but are otherwise missing and unaccounted for;

b) Failing to notify the appropriate persons upon discovery that a special needs student such as I.A. is not on The Special Needs School Bus when the operator knew or should have known a student such as I.A. should be on The Special Needs School Bus;

c) Failing to refer to the operator's list of students that they are charged to transport to verify whether the students on their bus such as I.A. are on the correct bus;

d) Failing to inquire as to the identity of a student such as I.A. who is not on the operator's list of students designated for the bus he is charged to operate;

e) Failing to inquire as to whether students such as I.A. are on the appropriate school bus;

f) Failing to notify students such as I.A. who are on the wrong bus that they are on the wrong bus;

g) Failing notify the parents and/or guardians and/or caretakers of a student such as I.A. who is on the wrong bus that the student is on the wrong bus as well as the student's present whereabouts;

h) Failing to ensure students such as I.A. board and egress the correct school bus;

i) Failing to ensure special needs students such as I.A. are picked up and dropped off at the appropriate location designated in their I.E.P.

j) Failing to exercise reasonable care and ordinary prudence by observing, inspecting, viewing, and paying attention to I.A. boarding and egressing the correct school bus, and/or failing to board and egress the correct school bus.

k) Failing to take proper action to prevent I.A. from boarding and/or egressing the improper school bus;

l) Failing to take proper action to prevent a student such as I.A. from being dropped off at the incorrect location;

m) Failing to take proper action so as to ensure Defendant John Doe 1 would inquire as to the whereabouts of I.A. when she failed to board the bus to go home;

n) Failing to take proper action so as to ensure Defendant John Doe 2 would inquire as to the identity of I.A. when she boarded The Neurotypical Bus and whether I.A. was on the correct bus;

o) Failing to use due care for the safety of I.A. under the circumstances;

p) Failing to maintain control over Defendants John Doe 1-2 supervision of students and passengers such as I.A.;

q) Acting with conscious disregard for the rights and safety of I.A.;

r) Failing to properly and adequately operate said motor vehicle in accordance with defendant First Student, Inc.'s policies and procedures.

40) This duty was owed to those who ride the school bus, such as I.A..

41) Defendant First Student, Inc.'s actions described herein constitute a breach of duty and care and was the direct and proximate result of I.A.'s damages.

42) The negligence of Defendant First Student, Inc. was a direct and proximate result of the serious and permanent injuries suffered by I.A. which include a fracture of her right tibia.

43) As a result of the aforesaid injuries, I.A. has been caused to suffer a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

44) As a result of the aforesaid injuries, I.A. sustained embarrassment and humiliation, and may continue to suffer the same for an indefinite period of time into the future.

45) As a result of the aforesaid injuries, I.A. has sustained physical and mental pain and suffering and may continue to suffer the safe for an indefinite period of time into the future.

46) As a result of the aforesaid injuries, I.A. has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

**WHEREFORE,** Plaintiff, Simone Ali-Amid, on behalf of I.A., a minor, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants in an amount in excess of $50,000.00, plus delay damages, costs, punitive damages, and any other relief that this Honorable Court shall deem appropriate.

## COUNT III – NEGLIGENT ENTRUSTMENT

### SIMONE ALI-AMID ON BEHALF OF I.A., a minor V. FIRST STUDENT, INC.

47) Plaintiff incorporates by reference the preceding paragraphs as though same was set forth fully at length herein.

48) The aforesaid accident was caused by the carelessness, negligence and recklessness of Defendant First Student, Inc., acting as aforesaid and consisted inter alia of the following:

   a) In entrusting their vehicle to a careless driver when Defendant First Student, Inc., knew or, in the exercise of reasonable care, should have known that it was not reasonably prudent to do so under the circumstances;

   b) In entrusting their vehicle to a careless driver with knowledge that he was a poor school bus driver and unfit to operate said vehicle;

   c) In failing to realize that Defendants John Doe 1-2 were careless drivers who were not sufficiently experienced or qualified to safely operate a school bus; and/or

   d) In entrusting their vehicle to a careless driver when Defendant First Student, Inc., knew or should have known that Defendants John Doe 1-2 would operate the vehicle in such a manner as to create an unreasonable risk to others, including I.A.

49) Defendant First Student, Inc.'s actions described herein constitute a breach of duty and care and was the direct and proximate result of I.A.'s damages.

50) The negligence of Defendant First Student, Inc. was a direct and proximate result of the serious and permanent injuries suffered by I.A. which include a fracture of her right tibia.

Case ID: 240702136

51) As a result of the aforesaid injuries, I.A. has been caused to suffer a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

52) As a result of the aforesaid injuries, I.A. sustained embarrassment and humiliation, and may continue to suffer the same for an indefinite period of time into the future.

53) As a result of the aforesaid injuries, I.A. has sustained physical and mental pain and suffering and may continue to suffer the safe for an indefinite period of time into the future.

54) As a result of the aforesaid injuries, I.A. has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

**WHEREFORE,** Plaintiff, Simone Ali-Amid, on behalf of I.A., a minor, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants in an amount in excess of $50,000.00, plus delay damages, costs, punitive damages, and any other relief that this Honorable Court shall deem appropriate.


### COUNT IV – Vicarious Liability

### <u>SIMONE ALI-AMID ON BEHALF OF I.A., a minor V. FIRST STUDENT, INC.,</u> **as being vicariously liable for Defendant John Doe 1-2**

55) Plaintiff incorporates by reference all of the preceding paragraphs as though fully set forth at length herein.

56) The negligence, carelessness, and recklessness of Defendant First Student, Inc., as being vicariously liable for the actions of Defendants John Doe 1-2, consisted of but is not limited to the following:

Case ID: 240702136

a)  Failing to inquire the whereabouts of I.A. who they knew or should have known should be on The Special Needs School Bus but was otherwise missing and unaccounted for;

b)  Failing to notify the appropriate persons upon discovery that I.A. is not on The Special Needs School Bus when the operator knew or should have known I.A. should be on The Special Needs School Bus;

c)  Failing to refer to the operator's list of students that they are charged to transport to verify whether I.A. was on the correct bus;

d)  Failing to inquire as to the identity of I.A. who was not on the operator's list of students designated for the bus the operator was charged to operate;

e)  Failing to inquire as to whether I.A. was on the appropriate school bus;

f)  Failing to notify I.A., who was on the wrong bus, that she was on the wrong bus;

g)  Failing notify the parents and/or guardians and/or caretakers of I.A. that she was on the wrong bus as well as her present whereabouts;

h)   Failing to ensure I.A. boarded and egressed the correct school bus;

i)   Failing to ensure I.A. was picked up and dropped off at the appropriate location designated in her I.E.P.

j)  Failing to exercise reasonable care and ordinary prudence by observing, inspecting, viewing, and paying attention to I.A. boarding and egressing the correct school bus, and/or failing to board and egress the correct school bus.

k)  Failing to take proper action to prevent I.A. from boarding and/or egressing the improper school bus;

l)  Failing to take proper action to prevent a student such as I.A. from being dropped off at the incorrect location;

m) Failing to take proper action so as to ensure Defendant John Doe 1 would inquire as to the whereabouts of I.A. when she failed to board the bus to go home;

n) Failing to take proper action so as to ensure Defendant John Doe 2 would inquire as to the identity of I.A. when she boarded The Neurotypical Bus and whether I.A. was on the correct bus;

o) Failing to use due care for the safety of I.A. under the circumstances;

p) Failing to maintain control over Defendants John Doe 1-2 supervision of students and passengers such as I.A.;

q) Acting with conscious disregard for the rights and safety of I.A.;

r) Failing to properly and adequately operate said motor vehicle in accordance with defendant First Student, Inc.'s policies and procedures.

57) As a result of the above-stated acts and omissions, the I.A. suffered such harm as has been previously stated herein.

58) Defendant First Student, Inc., actions described herein constitute a breach of duty and care and were the direct and proximate result of I.A.'s damages.

59) As a direct and proximate result of Defendant First Student Inc.'s negligence and carelessness, I.A. suffered serious personal injuries, including, but not limited to a fracture of her right tibia, which may be permanent in nature.

60) As a result of the aforesaid injuries, I.A. has required and continues to require treatment for the aforesaid injuries.

61) As a result of the aforesaid injuries, I.A. has been caused to suffer a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

62) As a result of the aforesaid injuries, I.A. sustained embarrassment and humiliation, and may continue to suffer the same for an indefinite period of time into the future.

63) As a result of the aforesaid injuries, I.A. has sustained physical and mental pain and suffering and may continue to suffer the safe for an indefinite period of time into the future.

64) As a result of the aforesaid injuries, I.A. has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

**WHEREFORE,** Plaintiff, Simone Ali-Amid, on behalf of I.A., a minor, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants in an amount in excess of $50,000.00, plus delay damages, costs, punitive damages, and any other relief that this Honorable Court shall deem appropriate.


**COUNT V - NEGLIGENT HIRING/SUPERVISON, RETENTION**

**SIMONE ALI-AMID ON BEHALF OF I.A., a minor v. FIRST STUDENT, INC.**

65) Plaintiff incorporates by reference all of the preceding paragraphs as though fully set forth at length herein.

66) Defendant First Student, Inc., has an obligation and duty to hire, retain, and supervise drivers who operate their school busses in a safe manner. Unsafe "operation" and/or "driving" of the school buses include the following:

a) Failing to inquire the whereabouts of special needs students such as I.A. who they knew or should have known should be on The Special Needs School Bus but are otherwise missing and unaccounted for;

b) Failing to notify the appropriate persons upon discovery that a special needs student such as I.A. is not on The Special Needs School Bus when the operator knew or should have known a student such as I.A. should be on The Special Needs School Bus;

Case ID: 240702136

c) Failing to refer to the operator's list of students that they are charged to transport to verify whether the students on their bus such as I.A. are on the correct bus;

d) Failing to inquire as to the identity of a student such as I.A. who is not on the operator's list of students designated for the bus he is charged to operate;

e) Failing to inquire as to whether students such as I.A. are on the appropriate school bus;

f) Failing to notify students such as I.A. who are on the wrong bus that they are on the wrong bus;

g) Failing notify the parents and/or guardians and/or caretakers of a student such as I.A. who is on the wrong bus that the student is on the wrong bus as well as the student's present whereabouts;

h)  Failing to ensure students such as I.A. board and egress the correct school bus;

i)  Failing to ensure special needs students such as I.A. are picked up and dropped off at the appropriate location designated in their I.E.P.

j) Failing to exercise reasonable care and ordinary prudence by observing, inspecting, viewing, and paying attention to I.A. boarding and egressing the correct school bus, and/or failing to board and egress the correct school bus.

k) Failing to take proper action to prevent I.A. from boarding and/or egressing the improper school bus;

l) Failing to take proper action to prevent a student such as I.A. from being dropped off at the incorrect location;

m) Failing to take proper action so as to ensure Defendant John Doe 1 would inquire as to the whereabouts of I.A. when she failed to board the bus to go home;

n) Failing to take proper action so as to ensure Defendant John Doe 2 would inquire as to the identity of I.A. when she boarded The Neurotypical Bus and whether I.A. was on the correct bus;

o) Failing to use due care for the safety of I.A. under the circumstances;

p) Failing to maintain control over Defendants John Doe 1-2 supervision of students and passengers such as I.A.;

q) Acting with conscious disregard for the rights and safety of I.A.;

r) Failing to properly and adequately operate said motor vehicle in accordance with Defendant First Student, Inc.'s policies and procedures.

67) The Plaintiff was injured as a result of an incident related to Defendants John Doe 1-2 driving, more specifically, Defendants' unsafe operation.

68) The negligence, carelessness, and/or recklessness of Defendant First Student, Inc., individually and through its various employees, servants, agents, and/or workers, including but not limited to Defendants John Doe 1-2, consisted of but is not limited to the following:

a) Failing to properly train, monitor, and/or supervise its employees, drivers, and/or agents including but not limited to Defendant John Doe 1-2.

b) Hiring and/or continuing to employ Defendant John Doe 1-2 despite the fact that it knew or should have known that their failure to operate a school bus as described made them unfit to safely operate a school bus;

c) Hiring and/or continuing to employ Defendant John Doe 1-2 despite their previous employment record;

d) Permitting Defendant John Doe 1-2 to operate its school buses as described when it knew or should have known that they were not properly qualified and/or trained;

Case ID: 240702136

e) Failing to train and/or properly train Defendant John Doe 1-2 prior to allowing them to operate its school buses;

f) Allowing Defendant John Doe 1-2 to operate vehicles in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the school bus;

g) Failing to enforce both the written and unwritten policies of Defendant First Student, Inc.;

h) Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of Defendant First Student, Inc.;

i) Failing to monitor and/or regulate its school bus drivers' actions and/or inactions; and

j) Failing to monitor and/or regulate its drivers' training.

69) As a direct and proximate result of Defendant First Student, Inc.'s negligence and carelessness, I.A. suffered serious personal injuries, including, but not limited to, a fracture of her right tibia.

70) As a result of the aforesaid injuries, I.A. has required and continues to require treatment for the aforesaid injuries.

71) As a result of the aforesaid injuries, I.A. has been caused to suffer a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

72) As a result of the aforesaid injuries, I.A. sustained embarrassment and humiliation, and may continue to suffer the same for an indefinite period of time into the future.

73) As a result of the aforesaid injuries, I.A. has sustained physical and mental pain and suffering and may continue to suffer the safe for an indefinite period of time into the future.

74) As a result of the aforesaid injuries, I.A. has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

**WHEREFORE,** Plaintiff, Simone Ali-Amid, on behalf of I.A., a minor, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants in an amount in excess of $50,000.00, plus delay damages, costs, punitive damages, and any other relief that this Honorable Court shall deem appropriate.

## COUNT VI - BREACH OF FIDUCIARY DUTY
## <u>SIMONE ALI-AMID ON BEHALF OF I.A., a minor v. FIRST STUDENT, INC.</u>

75) Plaintiff incorporates by reference all of the preceding paragraphs as though fully set forth at length herein.

76) A fiduciary relationship existed between Defendant First Student, Inc., including its employees and/or agents such as Defendants John Doe 1-2, and I.A., in that I.A. and her Family possessed a special confidence in Defendant First Student, Inc. to the extent that I.A. and Defendant First Student, Inc. did not deal with each other on equal terms, due to I.A.'s disabilities, as well as her dependence and justifiable trust on Defendant First Student, Inc. and their personnel.

77) Defendant First Student, Inc. breached that duty through its actions as set forth above.

78) As a direct and proximate result of Defendant First Student, Inc.'s breaches of fiduciary duty, I.A. was injured, and has suffered severe physical and emotional trauma, behavioral changes, and loss of life's most basic pleasures.

79) I.A. has incurred and will continue to incur significant physical, emotional, behavioral harm and monetary damages stemming from the injuries he has suffered due to Defendant First Student, Inc.'s breaches of fiduciary duty.

**WHEREFORE,** Plaintiff, Simone Ali-Amid, on behalf of I.A., a minor, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants in an amount in excess of $50,000.00, plus delay damages, costs, punitive damages, and any other relief that this Honorable Court shall deem appropriate.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

DATE: _____9/18//2024_____    BY: _____/s/ Laura Fox_____

LAURA A. FOX, ESQUIRE

## **VERIFICATION**

LAURA A FOX ESQUIRE, states that she is the attorney for the Plaintiffs in this action, and the facts set forth in the foregoing Amended Complaint are true and correct to the best of her knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

BY: /s/ Laura A. Fox
LAURA A. FOX, ESQUIRE
*Counsel for the Plaintiff*

Dated: September 18, 2024